IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTEEN WILLIAMS,[1]<br><br>Petitioner,<br><br>vs.<br><br>STEUBE, JUDGE, and NEBR ATTY GENRL,<br><br>Respondents. | **8:24CV41**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on preliminary review of Petitioner Justeen Williams' Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 on February 2, 2024. However, this matter will not proceed further until Petitioner cures the deficiencies discussed below.

First, Petitioner failed to include the $5.00 filing fee. Petitioner has the choice of either submitting the $5.00 fee to the Clerk's office or submitting a request to proceed in forma pauperis. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Petitioner.

Second, Petitioner has not signed the petition under penalty of perjury, which is required to proceed. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Indeed, the petition is not signed at all, and, based on the handwriting, the Court suspects that the petition

---

[1] It appears someone other than Petitioner filed this habeas petition and the filer misspelled Petitioner's first name as the Nebraska Department of Correctional Services' online inmate records indicate that Petitioner is in custody under the name "Justeen Williams." *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp. The Court will use the correct spelling of Petitioner's first name throughout this Memorandum and Order and will direct the Clerk of the Court to update the Court's records to reflect the correct spelling.

was not filed by Petitioner but rather by Billy Roy Tyler, a frequent pro se litigant in this Court. If Petitioner did not file this petition and/or does not wish to proceed with this § 2254 habeas petition, she should inform the Court within 30 days.

Third, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." See Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, she (or someone purportedly acting on her behalf) submitted a one-page, handwritten document that does not clearly indicate the judgment challenged or the grounds upon which Petitioner seeks habeas relief.

Finally, Petitioner has named improper respondents in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named a judge, "Steube," and the Nebraska Attorney General as respondents in this matter, neither of whom is a proper respondent. As Petitioner is in the custody of the Nebraska Department of Correctional Services ("NDCS"), Rob Jeffreys, the director of the NDCS, would be the proper Respondent in this matter.

Based on these deficiencies, Petitioner's petition is deemed insufficient, and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus if she wishes to proceed with this case. Should Petitioner decide to allow this action to proceed as one brought pursuant to Section 2254, she should be aware of her obligation to raise all her habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

To be clear, if Petitioner wants to proceed with this case, Petitioner must (1) either pay the $5.00 fee or submit a request to proceed in forma pauperis and (2) file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 that is originally signed under the penalty of perjury. The Court will direct the Clerk of the Court to send to Petitioner the AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. If Petitioner fails to take any action within 30 days, the Court will dismiss this case without prejudice and without further notice to Petitioner.

IT IS THEREFORE ORDERED that:

1. The pending petition, Filing No. 1, is deemed insufficient and the Court will not act upon it. If Petitioner did not file this petition and/or does not wish to proceed with this § 2254 habeas petition, she should inform the Court by **March 15, 2024**.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, she must file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury no later than **March 15, 2024,** unless the Court extends the time in which she has to amend in response to a written motion. Petitioner must set forth all her claims in an amended petition for writ of habeas

3

corpus. Petitioner is encouraged to use the enclosed official Form AO 241 if she files an amended petition.

3. Petitioner also shall no later than **March 15, 2024,** submit the $5.00 filing fee to the Clerk's office or submit a request to proceed in forma pauperis if she intends to pursue this matter.

4. If Petitioner fails to respond to this order or file an amended petition, this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5. The Clerk of the Court is directed to update the Court's records to reflect the correct spelling of Petitioner's name as "Justeen Williams" and to include Petitioner's NDCS ID number, 93559, in her address information.

6. The Clerk of the Court is directed to send to Petitioner the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") and the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus").

7. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (8:24CV41).

8. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **March 15, 2024**: Check for MIFP or payment and amended petition.

4

Dated this 14th day of February, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge